UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

AUSTIN L. BECK,

Plaintiff,

v.

THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY,

Defendant.
_______________________________________)

**COMPLAINT**

The Plaintiff, AUSTIN L. BECK ("BECK"), by and through his undersigned counsel, hereby sues THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("LINCOLN"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. BECK brings this action to recover short-term disability ("STD") and long-term disability ("LTD") benefits due to him under the terms of employee welfare benefit plans, to enforce his rights under the plans and to clarify his rights to benefits under the terms of the plans.

2. BECK was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINCOLN is a corporation with its principal place of business in the State of Indiana, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to BECK.

6. BECK at all times material was an employee of Switchfast Technologies, LLC.

7. BECK was at all times material a plan participant under the Switchfast Technologies, LLC Group Short-Term Disability Policy, Group Policy No. 000010109779 (the "STD Policy"), as well as the Switchfast Technologies, LLC Group Long-Term Disability Policy, Group Policy No. 000010109778 (the "LTD Policy") which were established by Switchfast Technologies, LLC and pursuant to which BECK is entitled to benefits. A copy of the STD Policy has been attached hereto as Exhibit "A." A copy of the LTD Policy has been attached hereto as Exhibit "B."

8. The Plans are employee welfare benefit plans within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINCOLN is the insurer of benefits under the Plans and was appointed by the Plans' Administrators as the named fiduciary for deciding claims for benefits under the Plans and for deciding any appeals of denied claims.

10. As the decision maker and payer of the plans' benefits, LINCOLN administered the claims with a conflict of interest and the bias this created affected the claims determination. As such, LINCOLN is not entitled to a deferential standard of review.

11. LINCOLN is the fiduciary charged with making benefit determinations under the Plans, including the determinations made on BECK's claims at issue.

12. Pursuant to the terms and conditions of the Plans, BECK is entitled to benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the Plans.

13. According to the STD Policy, disability is defined as follows:

> **TOTAL DISABILITY** or **TOTALLY DISABLED** means the Insured Person's inability, due to Sickness or Injury, to perform each of the Main Duties of his or her Own Occupation. A Person engaging in any employment for wage or profit is not Totally Disabled. The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

14. According to the LTD Policy, disability is defined as follows:

> **TOTAL DISABILITY** or **TOTALLY DISABLED** will be defined as follows.
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any Gainful Occupation.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

15. At all relevant times, BECK complied with all conditions precedent and exhausted all required administrative remedies under the Plans.

16. Since on or about January 5, 2016, due to sickness or injury, BECK has been unable to perform each of the main duties of his own occupation.

17. Since on or about January 5, 2016, due to sickness or injury, BECK has been unable to perform each of the main duties of any gainful occupation.

18. At all relevant times, BECK has been under the regular care of a physician.

19. At all relevant times, BECK was a Covered Person under the Plans.

20. Shortly after becoming disabled, BECK made a claim to LINCOLN under the STD Policy for disability benefits.

21. By letter dated March 25, 2016, LINCOLN denied BECK's claim for short-term disability benefits and advised no benefits were payable.

22. BECK timely and properly submitted an appeal of LINCOLN's March 25, 2016 denial letter.

23. By letter dated July 26, 2016, LINCOLN informed BECK that it was upholding its previous decision to deny his claim for STD benefits.

24. BECK timely and properly submitted an appeal of LINCOLN's July 26, 2016 denial letter.

25. By letter dated December 21, 2016, LINCOLN informed BECK that it was upholding its previous decisions to deny his claim for STD benefits and informed BECK that HIS administrative rights had been exhausted.

26. BECK has not received benefits owed to him under the Plans, despite BECK's right to these benefits.

27. LINCOLN has refused to pay BECK's STD and LTD benefits.

28. By failing to approve and pay STD benefits to BECK, LINCOLN has effectively denied LTD benefits to BECK under the LTD Plan even though BECK meets the terms and conditions of disability under the LTD Plan.

29. At all relevant times, LINCOLN was the payer of benefits.

30. At all relevant times, LINCOLN was the "Insurance Company" identified throughout the Plans.

31. At all relevant times, LINCOLN was appointed by the Plans' Administrator as the named fiduciary for deciding claims for benefits under the Plans and for deciding any appeals of denied claims.

32. At all relevant times, BECK has been and remains Disabled and entitled to benefits from LINCOLN under the terms of the Plans.

33. BECK has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR SHORT TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

34. BECK incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

36. Pursuant to 29 U.S.C. §1132(a)(1)(B), BECK, as a participant under the STD Policy, is entitled to sue for judicial determination and enforcement of benefits.

37. BECK has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINCOLN's failure to pay his short term disability benefits.

38. BECK has exhausted all administrative remedies under the STD Policy.

39. Defendant breached the STD Policy and violated ERISA in the following respects:

(a) Failing to pay benefit payments to BECK at a time when LINCOLN knew, or should have known, that BECK was entitled to those benefits under the terms of the STD Policy, as BECK was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the STD Policy documents, in relation to the applicable facts and STD Policy provisions, for the termination of BECK's claim for benefits;

(c) After BECK's claim was terminated in whole or in part, LINCOLN failed to adequately describe to BECK any additional material or information necessary for BECK to perfect his claim along with an explanation of why such material is or was necessary.

(d) LINCOLN failed to properly and adequately investigate the merits of BECK's disability claim and failed to provide a full and fair review of BECK's claim.

40. BECK believes and thereon alleges that LINCOLN wrongfully terminated his claim for disability benefits under the STD Policy by other acts or omissions of which BECK is presently unaware, but which may be discovered in this future litigation and which BECK will immediately make LINCOLN aware of once said acts or omissions are discovered by BECK.

41. Following the termination of benefits under the STD Policy, BECK exhausted all administrative remedies required under ERISA, and BECK has performed all duties and obligations on his part to be performed under the STD Policy.

42. As a proximate result of the aforementioned wrongful conduct of LINCOLN, BECK has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43. As a further direct and proximate result of this improper determination regarding BECK's claim for benefits, BECK, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BECK is entitled to have such fees and costs paid by LINCOLN.

44. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, BECK is entitled to enforce his rights under the terms of the STD Policy and to clarify his right to past and future benefits under the terms of the STD Policy.

**REQUEST FOR RELIEF**

WHEREFORE, AUSTIN L. BECK prays for relief against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY as follows:

1. Payment of short term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the STD Policy, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the STD Policy for so long as Plaintiff remains disabled under the terms of the STD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

**CLAIM FOR LONG TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

45. BECK incorporates by reference all preceding paragraphs as though fully set forth herein.

46. At all times relevant, BECK was an employee or former employee of Switchfast Technologies, LLC and a plan participant under the terms and conditions of the LTD Policy.

47. During the course of BECK'S employment, BECK became entitled to benefits under the terms and conditions of the LTD Policy. Specifically, while BECK was covered under the LTD Policy, BECK suffered a disability rendering him disabled as defined under the terms of the LTD Policy.

48. LINCOLN has determined BECK does not qualify for STD benefits and thus has effectively determined that BECK does not qualify for LTD benefits. Therefore,

LINCOLN's adverse determination under the STD Plan effectively denied LTD benefits to BECK.

49. As LINCOLN had the sole discretion to determine entitlement to benefits under the LTD Policy, LINCOLN breached the LTD Policy and violated ERISA in the following respects:

a. Failing to pay LTD benefits to BECK at a time when LINCOLN knew, or should have known, that BECK was entitled to those benefits under the terms of the LTD Policy, as BECK was disabled and unable to work and therefore entitled to benefits.

b. By failing to approve and pay STD benefits to BECK, LINCOLN denied LTD benefits to BECK under the LTD Policy although BECK meets the terms and conditions of disability under the LTD Policy.

c. After BECK'S claim was denied in whole or in part, LINCOLN failed to adequately describe to BECK any additional material or information necessary for BECK to perfect his claim along with an explanation of why such material is or was necessary.

d. LINCOLN failed to properly and adequately investigate the merits of BECK'S disability claim and failed to provide a full and fair review of BECK'S claim.

50. BECK believes and thereon alleges that LINCOLN wrongfully denied his claim for LTD Benefits under the LTD Policy by other acts or omissions of which BECK is presently unaware, but which may be discovered in this future litigation and which BECK will immediately make LINCOLN aware of once said acts or omissions are discovered by BECK.

51. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the LTD Policy, BECK has damages for loss of disability benefits in a total sum to be shown at the time of trial.

52. As a further direct and proximate result of this improper determination regarding BECK'S claims for benefits, BECK, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BECK is entitled to have such fees and costs paid by LINCOLN.

53. The wrongful conduct of LINCOLN has created uncertainty where none should exist; therefore, BECK is entitled to enforce his rights under the terms of the LTD Policy and to clarify his right to future benefits under the LTD Policy.

**REQUEST FOR RELIEF**

WHEREFORE, AUSTIN L. BECK prays for relief against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY as follows:

1. Payment of LTD disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and
6. Such other and further relief as this Court deems just and proper.

DATED: April 24, 2017

ATTORNEYS DELL AND SCHAEFER,

CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com